IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

VIRGINIA HUNTER-HENDRIX,            )
                                    )
           Plaintiff,               )
                                    )
vs.                                 )   Case Number CIV-07-1416-C
                                    )
MICHAEL J. ASTRUE, Commissioner     )
of the Social Security Administration, )
                                    )
           Defendant.               )

## MEMORANDUM OPINION AND ORDER

Having recently obtained a remand to the Commissioner for further proceedings, Plaintiff has filed a Petition for the Award of Attorney's Fees pursuant Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Defendant objects to Plaintiff's request, arguing an EAJA award would be improper as its position was "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). Defendant raises no other objection to Plaintiff's request.

The Supreme Court has defined "substantially justified as:

> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"–that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Pierce v. Underwood, 487 U.S. 552, 565 (1988). The Tenth Circuit has held that to show its position was substantially justified, "the government must prove that its case had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). In its objection, Defendant outlines a number of reasons for its decision to deny

Plaintiff benefits. After consideration of those reasons and the Opinion of the Tenth Circuit, the Court finds Defendant's position was not substantially justified. While Defendant may have advanced reasonable legal and factual theories in support of its decision, the underlying decision by the ALJ and Commissioner was unjustified. As the Circuit noted in its Order of remand, the ALJ is required to evaluate every medical opinion in the record. This requirement is well established in the law. See Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ's failure to follow this requirement prevents his decision from having a reasonable basis in law and fact. Accordingly, Plaintiff is entitled to recover fees under the EAJA.

Defendant does not challenge the amount of fees sought by Plaintiff and the Court finds the request reasonable. Accordingly, Plaintiff is entitled to recover $12,320.90 in EAJA attorney's fees.

As set forth more fully herein, Plaintiff's Petition for the Award of Attorney's Fees under the Equal Access to Justice Act (Dkt. No. 29) is GRANTED. Plaintiff is awarded attorney's fees in the amount of $12,320.90.

IT IS SO ORDERED this 8th day of April, 2010.

ROBIN J. CAUTHRON
United States District Judge